UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MAYER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>    Defendant. | Case No.  5:20-cv-06710-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Plaintiff Thomas Mayer ("Mayer") alleges Defendant City of San Jose (hereinafter "the City" or "San Jose") discriminated against him on the basis of a disability. The City filed a motion to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF 27. The motion has been fully briefed. *See* ECF 36, 37. The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7–1(b). For the reasons stated below, the City's motion to dismiss is DENIED.

**I.   BACKGROUND**[1]

Mayer is an amateur photographer and often takes pictures of public protests and cultural events. FAC ¶ 11. He is also a person with physical disabilities who relies on a power wheelchair for mobility. *Id*. ¶ 7. The City is the owner, operator, lessor or lessee of the San Jose City Hall Plaza ("Plaza") located in San Jose, California. The City allegedly "denied accessible facilities" at the Plaza on numerous occasions (including on November 24, 2019, November 27, 2019,

---

[1] The Background is a summary of the allegations in the First Amended Complaint ("FAC"), ECF 22.

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS
1

December 8, 2019, January 18, 2020, and July 4, 2020). *Id*. ¶ 12. Mayer attended public events at the Plaza in the past and was unable to enjoy an unobstructed view of the speakers. *Id*. There are two elevated vantage points for viewing events and speakers. One is the "tiered concrete seating adjacent to the steps that lead to the mezzanine entryway to San Jose City Hall" (hereinafter "City Hall"). *Id*. ¶ 12. Mayer is unable to access the tiered concrete seating because it does not have a ramp for disabled persons. *Id*. ¶¶ 12, 16-18. The other elevated vantage point is the mezzanine, also referred to as the balcony, which may be accessed from inside City Hall. *Id*. ¶ 12. However, the mezzanine is not accessible to Mayer for two reasons. First, traveling through City Hall to reach the mezzanine is not an option on the weekend or in the evenings when City Hall is closed. *Id*. Second, when Mayer attempted to access the mezzanine during City Hall's regular business hours, he found the door to the mezzanine was excessively heavy and lacked good leverage. *Id*. ¶ 14. During weekend and evening events, able-bodied persons are able to access elevated areas. *Id*. ¶ 12. By contrast, Mayer is only able to view events at ground level, and as a result, is unable to see when he is situated behind able-bodied persons who are standing. *Id*. Alternatively, Mayer must situate himself directly adjacent to speakers, which brings him unwanted attention and embarrassment. *Id*.

Mayer would like to continue attending events at the Plaza; however, he is unable to access either of the two elevated vantage points for the reasons stated above. *Id*. ¶ 18. Mayer seeks proper accessible features so that disabled individuals may use and enjoy the Plaza. *Id*.

Mayer asserts four claims against the City: (1) violation of Title II of the Americans with Disabilities Act ("ADA"); (2) violation of California Government Code Section 4450, et seq.; (3) violation of California Civil Code Section 54, et seq.; and (4) violation of California Civil Code Section 51. Mayer seeks an injunction requiring the City to, among other things, modify the Plaza "and other non-conforming facilities" so that Plaintiff and similarly situated persons with disabilities may obtain the benefits of, and access to, the City's "programs, services and activities" in a "full and equal" manner as required by law. *Id*. at 14. Plaintiff also seeks monetary damages from the City, as well as costs and attorney fees. *Id*.

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS

2

1  On March 17, 2021, the parties conducted a joint site inspection. Decl. of Bassam Altwal ¶ 6, ECF 31. According to the Certified Access Specialist's ("CASp") report, there are numerous barriers at the Plaza and City Hall. *Id.*, Ex. B, p. 39-41. Mayer alleges that each of the barriers are related to his disabilities. FAC ¶ 20.

## II.  STANDARDS

### A.  Rule 12(b)(1) Motion

A defendant may bring a Rule 12(b)(1) motion to contest subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In this case, the City argues that the allegations in the FAC are insufficient on their face to establish subject matter jurisdiction. In reviewing a facial attack to subject matter jurisdiction, the Court assumes the allegations in the FAC are true and draws all reasonable inferences in Mayer's favor. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### B.  Rule 12(b)(6) Motion

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Fed. R. Civ. P. 12(b)(6); *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

When reviewing the complaint, the court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. The court must also construe the alleged facts in the light most favorable to the plaintiff. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS
3

1   Cir. 2014). However, "courts are not bound to accept as true a legal conclusion couched as a

2   factual allegation." *Iqbal*, 556 U.S. at 678. Dismissal "is proper only where there is no

3   cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal

4   theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). If a Rule 12(b)(6) motion to

5   dismiss is granted, the court should grant leave to amend unless it determines that the complaint

6   could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127

7   (9th Cir. 2000) (*en banc*).

## III. DISCUSSION

The City raises three arguments in its motion. First, the City contends that Mayer fails to allege sufficient facts to establish standing for his ADA claim. Second, the City asserts Mayer fails to state a claim under the ADA. Third, the City asserts that the Court should decline to exercise supplemental jurisdiction over the state law claims.

### A.  Standing For ADA Claim

A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). "Under the oft-repeated standing formulation, [a plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Id*. (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). An injury-in-fact is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "When seeking prospective injunctive relief, the plaintiff must [also] show a likelihood of future injury." *Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1174 (9th Cir. 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, (1983)).

#### 1.  Injury-in-fact

"In the ADA context, a plaintiff may establish injury-in-fact to pursue injunctive relief through evidence that the plaintiff encountered an access barrier and either intends to return or is

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS

4

deterred from returning to the facility." *Kirola*, 860 F.3d at 1174 (citing *Chapman*, 631 F.3d 939 at 950).

### a. Mayer Alleges He Encountered Access Barriers

Here, Mayer alleges lack of wheelchair access to (1) the tiered concrete seating and (2) the mezzanine. The City argues that the alleged lack of wheelchair access to these two areas is insufficient to establish an injury-in-fact because it did not prevent him from accessing outdoor events held in the Plaza. This argument is unavailing because under the ADA, "when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Chapman*, 631 F.3d at 947. "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Id.* (citing 42 U.S.C. § 12182(a)). A plaintiff meets the injury-in-fact standard for an ADA claim by pleading and ultimately proving the encountered barriers "prevented [him] from benefitting from the same degree of access as a person without a mobility disability, and deterred [him] from future attempts to access the facilities [he] visited." *Kirola*, 860 F.3d 1164.

Here, Mayer alleges that able-bodied persons have access to enjoy viewing events and speakers from elevated vantage points, but disabled persons are restricted to the ground level. FAC ¶ 12. Mayer "is often unable to see while situated behind other able[-]bodied persons who are standing, or must participate by placing himself directly adjacent to speakers on the Plaza, bringing him unwanted attention and embarrassment." *Id.* Thus, he alleges that barriers prevent him from benefitting from the same degree of access as a person without a mobility disability.

Mayer also alleges that he is unable to access the mezzanine. Specifically, he alleges that on November 27, 2019, he attempted to use the accessible route through City Hall to the mezzanine, but found the door to be excessively heavy and lacked good leverage. FAC ¶ 14. The City argues that this allegation is insufficient to establish standing in the absence of additional allegations that Mayer had business to conduct (or otherwise desired to access a program, activity or service offered) inside City Hall and that he was deterred from doing so because of the heavy

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS
5

1    door. Mayer, however, relies on tester standing, which is permissible in the Ninth Circuit. *See*

2    *e.g. Tandy v. City of Wichita,* 380 F.3d 1277, 1286 (10th Cir. 2004) (holding that testers have

3    standing under Title II of the ADA); *see also Civil Rights Educ. and Enf't Center v. Hospitality*

4    *Properties Trust*, 867 F.3d 1093, 1102 (9th Cir. 2017) (concluding that motivation is irrelevant to

5    the question of standing under Title III of the ADA and thus the named plaintiffs' status as ADA

6    testers did not deprive them of standing).

The Court finds the allegations of access barriers are sufficient to establish an injury-in-fact.

### b.      Mayer Alleges He is Deterred from Returning

The City contends that Plaintiff is required, but fails to allege, specific occasions when he was deterred from visiting City Hall. Mot. at 6. This is incorrect. The Ninth Circuit has instructed, "if a plaintiff can show *either* that he was deterred from visiting the accommodation on specific past occasions when he otherwise would have visited it because of the known barriers there, *or that he was deterred from patronizing certain areas of the accommodation or engaging in specific activities there because of those barriers, he has established an injury in fact sufficient for purposes of Article III standing*." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1052 n.4 (9th Cir. 2008) (emphasis added). Here, Mayer alleges he would like to continue to attend events at the Plaza, but is deterred from doing so because of the lack of access to the mezzanine from within City Hall. FAC ¶ 18.

The FAC alleges sufficient facts to establish injury-in-fact for purposes of standing. *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1179 (9th Cir. 2021).

### c.      Unencountered Barriers

The FAC lists all the barriers specified in the CASp report. The City argues that Mayer fails to connect these barriers to his disability, and moreover that those barriers are irrelevant because Mayer does not plead he had business to conduct (or any desire to access programs or services) in City Hall. This argument is unpersuasive because it overlooks *Doran*, where the Ninth Circuit held that an "ADA plaintiff who has Article III standing as a result of at least one

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS

6

barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran*, 524 F.3d at 1047.

### 2. Redressability

"Redressability is a constitutional minimum, depending on the relief that federal courts are *capable* of granting." *Kirola*, 860 F.3d at 1176. To demonstrate redressability, a plaintiff must show that plaintiff "personally would benefit in a tangible way from the court's intervention." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 n.5, (1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 508 (1975)).

The City argues that Mayer fails to meet the redressability element of standing because (1) there are accessible ground or floor-level wheelchair spaces in the Plaza and (2) the City has no control over where speakers are placed or where audience members assemble, and it is not "logical to assume that access to the second floor walkway would provide him with a better vantage point for listening to speakers." Mot. at 6. In essence, the City claims "there is nothing [it can] do to provide [Mayer] better access to the after-hours gatherings on [the Plaza] than other attendees experience." *Id.* at 7. Mayer, however, is not seeking access to floor-level wheelchair spaces in the Plaza. Nor is he seeking an injunction requiring the City to exercise control over the placement of speakers and the audience members. He is also not seeking a better vantage point for listening to speakers. Instead, he seeks a vantage point for taking photographs of events held in the Plaza.

The City also argues that when there are large events in the Plaza, most able-bodied persons on the ground level will have the same sight lines available to Mayer. But in making the argument, the City implicitly acknowledges that some able-bodied persons have better lines of sight than Mayer. This is because able-bodied persons have access to elevated vantage points; Mayer does not. Mayer seeks an injunction to redress the access barriers to elevated vantage points. Specifically, he proposes an injunction directing the City to provide an exterior accessible path of travel to the elevated viewing areas at the Plaza, to adjust the interior door to the

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS

7

1  mezzanine, and to remediate all barriers identified at the joint site inspection. The City offers no

2  persuasive reason why Mayer would not personally benefit in a tangible way from such an

3  injunction. The Court finds that the FAC satisfactorily alleges redressability.

### B. Legal Sufficiency of ADA Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "One form of prohibited discrimination is the exclusion from a public entity's services, programs, or activities because of the inaccessibility of the entity's facility." *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

The City contends that the ADA claim must be dismissed because (1) the City is in compliance with section 4.33.3 of the 1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG") Standards; (2) Mayer fails to allege he was denied access to a City program because of his disability; and (3) the City has no obligation to provide access to non-City programs, such as the public protests and cultural events held in the Plaza. The Court addresses each argument below.

#### 1. Purported Compliance With ADAAG Standard Does Not Foreclose Mayer's ADA Claim

"In defining accessibility, Title II's implementing regulations distinguish between newly constructed or altered facilities, which are covered by 28 C.F.R. § 35.151, and existing facilities, which are covered by 28 C.F.R. § 35.150." *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014). Newly constructed or altered facilities are those in which the construction or alteration commenced after January 26, 1992. *See* 28 C.F.R. § 35.151(a)(1) (new construction); id. § 35.151(b)(1) (alterations). Here, there is no dispute that City Hall is new construction as defined by 28 C.F.R. § 35.151.

Newly constructed facilities must "be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities."

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS

8

28 C.F.R. § 35.151(a)(1). To be "readily accessible," newly constructed facilities must be constructed in conformance with the ADAAG, 28 C.F.R. Pt. 36, App. A, or with the Uniform Federal Accessibility Standards (UFAS), 41 C.F.R. Pt. 101-19.6, App. A. *Daubert*, 760 F.3d at 985-86 (citing 28 C.F.R. § 35.151(c)(1)-(3)).

Section 4.33.3 of the 1991 ADAAG Standards applies to "assembly areas" and provides as follows.

> Wheelchair areas shall be an integral part of any fixed seating plan and shall be provided so as to provide people with physical disabilities a choice of admission prices and lines of sight comparable to those for members of the general public. [. . .] When the seating capacity exceeds 300, wheelchair spaces shall be provided in more than one location. [. . .]
>
> EXCEPTION: Accessible viewing positions may be clustered for bleachers, balconies, and other areas having sight lines that require slopes of greater than 5 percent. Equivalent accessible viewing positions may be located on levels having accessible egress.

28 C.F.R. § 36, App. A, 4.33.3. The City contends the Plaza complies with section 4.33.3 because Mayer is able to position himself up front directly adjacent to the speakers on the Plaza, and therefore has a line of sight comparable to those for members of the public. Further, the City contends that the seating capacity of the Plaza does not exceed 300, and therefore it is not required to offer wheelchair spaces in more than one location.

In response, Mayer focuses on the mezzanine rather than the Plaza. He argues that the mezzanine is not an "assembly area," and therefore section 4.33.3 is inapplicable. The City does not challenge this point. To the extent Mayer's FAC challenges access to the mezzanine, the Court agrees section 433.3 is inapplicable. Therefore, the City's purported compliance with section 4.33.3 does not foreclose the ADA claim.[2]

---

[2] In its reply brief, the City faults Mayer for failing to plead specific violations of the ADAAG. Reply at 3, 6. It is unnecessary to do so. *Block v. 7-Eleven, Inc.*, No. 21-cv-48 BLF, 2021 WL 2651359, at *3 (N.D. Cal. June 28, 2021). The City also argues that it is in compliance with ADAAG section 4.1.3(1). Because this argument is raised for the first time in the reply brief, the Court declines to consider it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court "need not consider arguments raised for the first time in a reply brief").

### 2. Denial of Accessibility

According to the City, barriers are commonplace and lawful so long as they do not exclude the disabled person from a government program "when viewed in its entirety." Mot. at 8. The City argues that Mayer is not excluded from any government program "when viewed in its entirety" because he has access to events in the Plaza and may enjoy an unobstructed view by placing himself directly adjacent to the speakers. *Id*. This "when viewed in its entirety" standard, however, applies only to existing facilities, not new construction. As explained in *Daubert*, "with respect to existing facilities, a public entity need only provide program access, by 'operat[ing] each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities.'" *Daubert*, 760 F.3d at 986 (citing 28 C.F.R. § 35.150(a)); *see also Kirola*, 860 F.3d at 1173-74 ("Program access does not require that each existing facility be disability accessible. Rather, it requires that each 'program' offered by the City, when viewed in its entirety, be 'readily accessible to and usable by individuals with disabilities.'" (citation omitted)). The City Hall is new construction. Therefore, the fact that Mayer has some access to events held in the Plaza does not necessarily foreclose his ADA claim.

### 3. Mayer Alleges Lack of Access to a Public Entity "Program"

The City contends it has no obligation to provide access to non-City programs, such as the events Mayer cites in the FAC. The City reasons that Title II does not extend to discrimination in connection with private services, programs or activities that are licensed or permitted by a public entity, and just because an assembly is held in the Plaza does not make the assembly a City program or service. Mayer responds that the City is the owner and operator of City Hall, and therefore must provide access regardless of who is hosting an event in the Plaza.

The Ninth Circuit has instructed that "services, programs, or activities" is construed broadly "[as] bring[ing] within its scope 'anything a public entity does.'" *Barden*, 292 F.3d at 1076. "The focus of the inquiry, therefore, is not so much on whether a particular public function can technically be characterized as a service, program, or activity, but whether it is a normal

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS
10

function of a governmental entity." *Id*. (citation and internal quotation marks omitted).

Here, Mayer alleges that the City owns and operates City Hall and the Plaza. FAC ¶¶ 2, 8, He alleges that the City hosts events in the Plaza and describes several events that took place between November 2019 and July 2020. *Id*. 12-17. These allegations support a reasonable inference that hosting public gatherings in the Plaza is a "normal function" of the City.[3]

In sum, Mayer alleges sufficient facts to support a cognizable ADA claim.

### C.     State Law Claims

The City asks the Court to decline supplemental jurisdiction because there is no viable ADA claim. As discussed above, Mayer has pled a cognizable ADA claim. Therefore, the Court will continue to exercise supplemental jurisdiction over the state law claims unless and until there is a change in circumstances that warrants reconsideration of the issue under 28 U.S.C. § 1367(c).

### IV.    CONCLUSION

For the reasons stated above, the City's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: March 7, 2022

EDWARD J. DAVILA
United States District Judge

---

[3] Indeed, the City Hall's website includes information about reserving outdoor space and the hourly rate for using the space. *See* https://www.sanjoseca.gov/your-government/departments/event-services-at-city-hall/facilities-and-fees/plazas.

Case No.: 5:20-cv-06710-EJD
ORDER DENYING MOTION TO DISMISS
11